## STATE v. FREEMAN.

1. TRIAL JUSTICE—REPORT OF TESTIMONY.—As the law requires that the testimony upon which an appeal from a trial justice is heard shall be taken in writing at the trial and signed by the witness, it is improper for the trial justice, in his report of the case, to state something else as having been testified to by the defendant than what appears in the evidence as signed by this witness.

2. HARMLESS ERROR—CONTRADICTING DEFENDANT.—But such additional testimony being that defendant was advertised of the purpose to contradict him in reply, the error of the trial justice was harmless, as it is unnecessary to advertise the witness, when he is himself the defendant, of the purpose to prove his declarations or admissions tending to establish his guilt.

3. EVIDENCE IN REPLY.—Under indictment for obtaining goods by means of defendant's false representation of the balance due to him on a note, defendant testified that alleged payments made by the maker were received by him as a loan and not as credits on the note. The State could introduce evidence in reply of defendant's admission that they were to be credited on the note.

Before GARY, J., Oconee, July, 1894.

Prosecution by the State against John F. Freeman, commenced April 9, 1894.

*Mr. R. T. Jaynes,* for appellant.

*Mr. Ansel,* solicitor, contra.

February 15, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. In this case the defendant was carried before a trial justice under a warrant charging that the defendant did represent to the prosecutor "that one A. J. Frady was due him, on a certain note, eleven dollars, when, in fact, there was not such a sum due, and thereby obtained of deponent a horse of the value of ten dollars, and the said Freeman knew said representations to be false at the time." Upon this charge defendant was tried before the trial justice and a jury, and a verdict of guilty having been rendered, and the defendant having been sentenced, he appealed to the Court of

Sessions, where the judgment of the trial justice was affirmed. This appeal is now taken from the judgment of the Circuit Court, affirming the judgment of the trial justice upon the several grounds set out in the record, which need not be stated here, as we propose to state the questions presented by such grounds, after first making a brief statement of the case.

It seems from the evidence, which is set out in the case, that the defendant, desiring to purchase a horse from the prosecutor, Benjamin Rutledge, offered him a note which defendant held on one A. J. Frady, for fifteen dollars, representing that only four dollars had been paid thereon, leaving a balance of eleven dollars due. Frady testified that more than four dollars had been paid on the note, a part of which was in corn and cotton seed. Defendant, while admitting that he had received the corn and cotton seed, for which he still owed Frady, claimed in his testimony that he had received the corn and cotton seed as a *loan*, which was not to be credited on the note, but to be returned in kind. In reply, Riley Hughes was offered as a witness, who, after testifying that he saw Freeman and Frady together at Harbin's mill, was asked the following question: "State what occurred there?" which was objected to, and the objection being overruled, the witness answered: "Jack (meaning Frady, as we understand it), asked Freeman if he had given him credit for the corn and cotton seed, said he had not done it, but would do it." The trial justice, in making his report of the case, in which the testimony signed by the witnesses was incorporated, appended thereto the following statement signed by the trial justice: "The defendant Freeman, on his cross-examination, stated that he had no conversation at Harbin's mill with reference to any credits on the note (note by the court)." Nothing of the kind appears in the testimony of Freeman as set forth in the report, and signed by him.

The only two questions raised by the grounds of appeal are: 1st. As to the propriety of incorporating in the report of the case the "note by the court," set out above. 2d. As to whether the objection to the testimony of Riley Hughes was properly overruled. While we think it was highly improper (to use no harsher terms) for the trial justice to undertake

to supplement the testimony of a witness, as taken down by a trial justice and signed by the witness, by appending such a note, yet, under the view which we take of the case, this was an entirely harmless error, and, therefore, insufficient to justify a judgment of reversal. It seems to us that section 68 of the Criminal Code (2 Rev. Stat., at page 282,) plainly implies that the only testimony upon which an appeal from a trial justice can be heard is that which was taken in writing at the trial, "and signed by the witnesses," and that it would be dangerous to entrust a trial justice with the power to supplement such testimony by additional statements of his own as to what a witness testified to at the trial, when such additional statement is not verified by the signature of the witness. We have deemed it necessary to make these remarks solely for the purpose of correcting what might become a dangerous practice; for, as we have said, we do not think the error in this respect material to this case.

The manifest object of this "note of the court" was to meet the objection made that Freeman, while on the stand as a witness, was not advertised of the purpose to contradict him, by calling his attention to the contrary statement which it is proposed to prove, by asking "as to the time, place, and person involved in the supposed contradiction." But while this is undoubtedly necessary when it is proposed to contradict a disinterested witness, we do not think the same rule applies where the party charged goes upon the stand as a witness in his own behalf. For it is undoubtedly true that the prosecution may make out its case by proving the declarations, admissions or confessions of the accused under certain limitations not necessary to be stated here, even where he does not go on the stand as a witness; and if so, we see no reason why he should be advertised of the purpose to prove any statements or declarations he may have made, when he does testify in his own behalf. This distinction is plainly recognized in the very case cited by appellant's counsel, *State* v. *White*, 15 S. C., 381; for in that case, at page 391, we find the following language: "There is, however, one view under which the testimony of Campbell might be admissible. White being the party accused,

it would be competent to prove any statement or declaration previously made by him relative to the matters in issue, subject, of course, to the rules regulating evidence of confessions or admissions, and subject to the rule as to evidence in reply, even if when on the stand he had been asked nothing about such previous statements or declarations, or if he had not been put on the stand at all." It seems to us, therefore, that the "note by the court" was wholly unnecessary, and may be entirely disregarded.

If, as we have seen, the objection to the testimony of Riley Hughes, upon the ground that Freeman, while on the stand as a witness, was not advertised of the purpose to offer testimony as to what he had said in reference to crediting the corn and cotton seed on the note of Frady, is unfounded, the only remaining inquiry is whether such testimony is objectionable as not in reply. It will be observed that the main issue in the case was whether the defendant had misrepresented to the prosecutor the real balance which was due upon the note. The defendant, in his testimony, while admitting that certain payments had been made upon the note, when asked about the corn and cotton seed, had testified that they were received as a loan and were not to be credited on the note, and it seems to us that the testimony of Riley Hughes that defendant told Frady, in his presence, that he had not credited the corn and cotton seed on the note, but would do so, was directly in reply. We do not see that the testimony of Hughes was amenable to either of the objections taken.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.