6875

## CITY OF GREENVILLE v. LATIMER.

Appeal—Waiver—Cities and Towns.—Intendants and mayors have powers of magistrates in criminal cases, but the provision that they may try offenders summarily does not dispense with the duty to take the evidence in writing and have witnesses to sign same in order to protect defendant's right of appeal. Merely not requesting evidence to be so taken is not waiver of this right by defendant.

Before Gage, J., Greenville, May, 1907. Affirmed.

Indictment by city of Greenville, against Sherman Latimer, for larceny.

From Circuit order reversing judgment of Mayor, city appeals.

*Mr. Wm. G. Sirrine,* for appellant, cites: McQuillan Mun. Corp., Sec. 328; Criminal Code, 164; 7 S. C., 224; 15 Rich., 352; 55 S. C., 324.

*Mr. Oscar K. Mauldin,* contra, cites: Code 1902, 2003; Criminal Code, 68; 43 S. C., 105.

April 20, 1908. The opinion of the Court was delivered by

Mr. Justice Jones. The appellant was convicted of larceny before the mayor of Greenville, and, on appeal to the Circuit Court, Judge Gage set aside the sentence and remanded the case for a new trial on the ground that the testimony was not taken down in writing and signed by the witness, and the defendant had not waived his right in this regard.

We find no error in this. Section 2003, Vol. 1, Code of Laws, 1902, provides that intendants and mayors "shall have all the power and authority of magistrates in criminal cases within the corporate limits and police jurisdiction of their

respective cities and towns and shall especially have the power and authority to speedily try all offenders against the ordinances of said town in a summary manner, and without a jury, unless demanded by the accused, etc." Sections 66 and 67 of Criminal Code provide for appeals from magistrates to the Court of General Sessions, and the service of notice of appeal. Section 68 declares: "Within ten days after said service the said magistrate shall file in the office of the clerk of the court the said notice, together with the record and statement of all proceedings in the case; and the testimony in writing taken at the trial and signed by the witnesses." Section 71 provides that said appeal shall be heard by the Court of General Sessions "upon the papers hereinbefore required and without the examination of witnesses in said Court."

As declared in *State* v. *Freeman*, 43 S. C., 107, 20 S. E., 974, these provisions imply that appeals from magistrate can be heard only upon the testimony so taken in writing at the trial and signed by the witnesses. Such also was the construction in *State* v. *Spray*, 74 S. C., 444. Being vested with the powers of magistrates to try criminal cases, mayors must perform the corresponding duties of magistrates. The provision that mayors may try summarily is not inconsistent but is in harmony with the taking of the testimony as required by law in protection of the prisoner's right of appeal. A jury need not be summoned unless the defendant demands it, but the taking of the testimony as required is a duty devolving upon the magistrate or mayor without any demand on the part of the defendant. The defendant may doubtless by conduct waive his right to have the testimony so taken or estop himself from raising objection on that ground, but the mere failure to demand that the testimony be taken as required by law is not a waiver. All that appears in this case is that the defendant did not ask that the testimony be taken down in writing and signed by the witnesses.

It might seem desirable in some mayor's courts, pressed with numerous cases, to dispense with this requirement which calls for some pains and consumption of time, but the due protection of the party charged with crime in his right of appeal and the means which compliance with the statute would afford in preventing or punishing perjury are weightier considerations.

The judgment of the Circuit Court is affirmed.