## 8411

### CITY OF ABBEVILLE v. GOOSEBY.

1. DRAWING JURY—OFFICER.—Ordinarily the Court presumes that an officer undertaking to enforce the criminal law acts from a sense of official duty and without personal motive, but the natural bias of an officer instituting a prosecution is generally so considerable that he should not participate in the selection of the jury to try that case.
2. MAGISTRATE COURT — MUNICIPAL COURT — APPEAL. — EVIDENCE — WAIVER.—Where the attorney for a defendant in a municipal court knows that the testimony is not being taken down in writing during the trial and makes no objection, the Court may conclude he waived the right to have it so taken down.
3. APPEAL.—Point not made before magistrate in trial cannot be used as the basis of an exception on appeal from Circuit Court from judgment on appeal from magistrate court.

Before MEMMINGER, J.; Abbeville, September, 1912. Reversed.

Prosecution by City of Abbeville against Laura Gooseby. From Circuit order affirming judgment of municipal court, defendant appeals.

*Mr. J. Frank Clinkscales,* for appellant, cites: Code 1902, 987; 80 S. C. 92; 30 S. C. 94; 74 S. C. 443; 43 S. C. 107.

*Solicitor R. A. Cooper* and *Mr. D. H. Hill,* contra.

January 13, 1913.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The trial of the defendant, Laura Gooseby, before mayor Gambrell, of the city of Abbeville, for the offense of selling liquor in violation of a municipal ordinance resulted in her conviction and sentence. The judgment was affirmed on appeal to the Circuit Court. According to the report of the mayor, Joe L. Johnson, a policeman who instituted the prosecution, by swearing out the warrant, participated in making up the jury list and drawing the jury. The Court will always presume that an officer undertaking to enforce the criminal law acts from a sense of official duty and without personal motive; but the natural bias of one who institutes a prosecution is generally so considerable that it is not fair that he should participate in the selection of the jury. On this ground there should be a new trial.

There was ground for the Circuit Judge to hold that the defendant had waived the requirement of the law that the testimony should be taken down and signed by the witnesses. It is true that in *Greenville* v. *Latimer,* 80 S. C. 92. 61 S. E. 224, it was held that waiver of this requirement could not be inferred where nothing more appears than that the defendant did not ask that the testimony be taken down and signed by the witnesses. But in this case, the additional fact affirmatively appears from the mayor's report that counsel for defendant knew that the

testimony was not being taken down.    We think the absence of objection with such knowledge is some evidence on which the Circuit Court could base a finding that the requirement of the statute was waived.

The points mentioned in the other exceptions were not made before the magistrate.

Reversed and remanded for a new trial.