## 9032

### STATE v. BYRNES.

### (84 S. E. 822.)

JURY.  DISORDERLY CONDUCT.  CHARGE.  EVIDENCE.

1. JURY—JURY OFFICER—BIAS.—A town's chief of police is not to be held to have such bias against defendant, charged with disorderly conduct, as to disqualify him from making up the jury list; he not having witnessed his disorderly conduct, but merely started him to the guardhouse for refusal to give bond.

2 DISORDERLY CONDUCT—ELEMENTS OF OFFENSE—DISTURBING PERSONS.— One is guilty of disorderly conduct if his language, considering the time and place, was calculated to produce disorder and to disturb the public peace and quiet.

3. DISORDERLY CONDUCT—SUFFICIENCY OF EVIDENCE.—Evidence that it was near midnight in the heart of a town, that several persons were near, and that an officer a block away heard defendant's profane language, warrants the jury in concluding it was calculated to produce disorder and disturb the public peace and quiet.

4. DISORDERLY CONDUCT—CONDUCT IN ONE'S OWN HOUSE.—That one's profanity of a loud and boisterous nature was uttered in his own house does not prevent his being guilty of disorderly conduct; the "castle" being given for defense, and not for offense.

5. DISORDERLY CONDUCT—PLACE.—That disorderly and profane language is uttered on one's own premises does not relieve the user from amenability to the public, where the utterance extends beyond such premises and to the disturbance of the public.

6. CRIMINAL LAW—VERDICT—PROCEDURE.—If a special verdict in a criminal case is defective or insufficient to sustain a judgment of conviction, a motion should be made before judgment to set such verdict aside and for a new trial.

7. CRIMINAL LAW—CHARGE.—A charge to the jury need not submit all issues raised under the information, affidavit, warrant or indictment, where it submits all such issues as are necessary to sustain a conviction.

8. CRIMINAL LAW—CHARGE.—On trial of a defendant charged with disorderly conduct the Court need not submit all the allegations of the warrant or indictment to jury, if the allegations submitted to them are sufficient, if proven, to sustain a conviction.

Before GARY, J., Darlington, September, 1913. Affirmed.

A judgment of conviction for disorderly conduct in a municipal Court, having been affirmed on Circuit, the defendant, T. J. Byrnes, appeals to this Court on the following exceptions:

I. That his Honor, the presiding Judge, erred in refusing to sustain appellant's first ground of appeal, to wit:

1. That the mayor erred in refusing a motion to quash the verdict, in that venire was illegally drawn.

(a) In that the chief of police, who furnished the list of venire from which the jury was drawn, was an interested party as a prosecuting witness.

II. That his Honor erred in refusing to sustain the second ground of appeal, to wit:

2. That there was no testimony to show any disorderly conduct on the part of the defendant, T. J. Byrnes.

(a) In that there was absolutely no proof that any one was disturbed.

(b) In that there was absolutely no proof that any disorderly conduct, if any, took place on the streets of Hartsville, but if any, the same was within the private place of business of said T. J. Byrnes.

III. In that his Honor erred in refusing to sustain defendant's third ground of appeal, to wit:

3. That the arrest of the said T. J. Byrnes was absolutely illegal.

(a) In that the testimony showed that he was arrested within his own place of business without a warrant.

(b) In that the testimony shows that there was no breach of the peace or disorderly conduct in the presence of the party making the arrest.

IV. In that there was no testimony upon which to base conviction.

V. In that the testimony showed, if anything, that the said T. J. Byrnes was protecting his castle.

VI. In that the verdict acquitted defendant of the charge of disturbing the peace and quiet of the town, and it being no offense to talk loud, etc., unless the peace is thereby disturbed or breached, there is nothing upon which to base the sentence.

Notice was served that defendant would ask the Supreme Court to consider the following exceptions, not presented on Circuit:

I. Error in the mayor to charge as follows, to wit: "To render a verdict of guilty in this case, it is not necessary that each and every allegation of the information be proven to your satisfaction beyond a reasonable doubt, but it suffices that if the town satisfies you, by evidence beyond a reasonable doubt, that the defendant is guilty of either loud and boisterous language or profanity or otherwise riotous and offensive conduct."

(a) In that it removed the jury from the consideration as to whether or not any person was disturbed by said conduct.

(b) In that it withdrew from the jury the consideration of the charge as made out in the warrant, the same being by loud and boisterous language, profanity, drunkenness and otherwise riotous and offensive conduct.

II. Error in charging: "In other words, every citizen in the town of Hartsville is guaranteed, under the terms of this ordinance, peace and quiet by day and by night."

(a) In that said charge was highly prejudicial to the defendant and a charge upon facts.

(b) In that the ordinance does not guarantee to each and every citizen peace and quiet by day and by night, but the same only gives cause for arrest and trial of any one who violates the same.

III. In that said charge would lead the jury to believe that the town of Hartsville was a guarantor of peace and quiet.

The charge by the mayor to the jury was as follows:

Mr. Foreman and gentlemen of the jury, the defendant, T. J. Byrnes, is charged with disorderly conduct in the town of Hartsville on April 5, 1913, in that by loud and boisterous language, profanity, and otherwise riotous and offensive conduct he did disturb the peace and quiet. It is against the law, Mr. Foreman and gentlemen of the jury, in the town of Hartsville, to disturb the peace and quiet in any of the ways alleged in this bill of information. It is, therefore, your duty to inquire whether from the evidence presented, all the evidence in the case, the defendant, T. J. Byrnes, is guilty as charged. To render a verdict of guilty in this case it is not necessary that each and every allegation of the information be proven to your satisfaction beyond a reasonable doubt, but it suffices if the town satisfies you by evidence beyond a reasonable doubt that the defendant is guilty of either loud and boisterous language or profanity or otherwise riotous and offensive conduct. The facts of the case are entirely for you, Mr. Foreman and gentlemen of the jury, and not for the Court nor for counsel on either side. The defendant comes into Court presumed to be innocent and he is entitled to that presumption until it is rebutted by testimony and the town satisfies you beyond a reasonable doubt of his guilt.

To constitute a breach of peace it is not necessary to disturb more than one person. In other words, every citizen in the town of Hartsville is guaranteed under the terms of this ordinance peace and quiet by day or by night.

If this evidence satisfies you of the defendant's guilt and that he is guilty beyond a reasonable doubt, write "guilty" and sign your name as foreman; but if it fails so to satisfy you, write "not guilty" and sign your name as foreman. By reasonable doubt is meant just exactly what the words imply; not a fanciful, whimsical, capricious or supposititious doubt, but a doubt founded in reason arising out of the testimony, such a doubt as can reside in the mind of a

reasonable man. As our Supreme Court has said, "It is a strong substantial doubt arising out of the testimony."

In accordance with the law as I have undertaken to give it to you, write your verdict.

*Mr. E. Earle Thornwell,* for appellant, cites: *As to prep-- aration of jury lists:* Criminal Code, sec. 59; 93 S. C. 371; 91 S. C. 432.

*Mr. L. M. Lawson,* for respondent, cites: *As to prepa- ration of the jury list:* Civil Code, secs. 1395, 3006; 93 S. C. 370. *As to disorderly conduct:* 90 S. C. 346; 54 Mich. 514; 52 Am. Dec. 828; 32 L. R. A. (N. S.) 505, and note; 24 Am. St. Rep. 116; 59 Am. St. Rep. 228; 13 L. R. A. 163, and note. *Arrest was illegal:* Crim. Code, sec. 61; 2 Nott & McC. 425; 16 S. C. 486; 17 S. C. 58; 64 S. C. 321; 13 L. R. A. (N. S.) 881; 84 Am. St. Rep. 685.

March 13, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Conviction before the mayor and a jury at Hartsville for violation of a city ordinance; appeal to the Circuit Court, and there the judgment of the mayor's Court was affirmed; appeal here.

The arrest warrant charged: "That T. J. Byrnes, in said town, county and State, on April 5, 1913, unlawfully did disturb the peace and quiet of the town of Hartsville by loud and boisterous language, profanity and drunken- ness, and otherwise riotous and offensive conduct, and thereby violated the ordinance in such case made and pro- vided against the peace and dignity of said town and State."

The verdict was "guilty as to loud and boisterous lan- guage and profanity."

The six exceptions which were before the Circuit Court are repeated here; and in addition thereto there are yet three more exceptions to the judgment of the Circuit Court; nine all told.    Let them be reported.

The issues made, however, are not so many; the appellant's counsel, in a lucid and strong argument, has discussed four issues, and we shall deal with only four.    They raise these inquiries:

(1)  The selection of the jury was unlawful?

(2)  There was no evidence of disorderly conduct?

(3)  The rights of the castle justified the conduct?

(4)  The charge of the magistrate was unlawful?

The town of Hartsville has three policemen—Kirkpatrick, the chief, and Gilbert and Falsom.    In the instant case Falsom swore out the arrest warrant.    The procedure for the selection and empaneling of a jury is prescribed by sections 59 and 29 of the Criminal Code and section 1395 of the Civil Code.    The exact issue made here is, that Kirkpatrick, who selected the eighteen names from which the jury was to be chosen, had a bias which disqualified him for that service; and for authority the appellant cites *Abbeville* v. *Gooseby*, 93 S. C. 371, 76 S. E. 977.

The bias suggested is that "Kirkpatrick was the man who knew the circumstances; he was the man upon whom the town relied largely in making its case."

The testimony does not establish that contention; on the contrary, it shows that Officer Gilbert was on duty on the midnight in question; that he heard the language of defendant; that he repaired to the place of its utterance; that he arrested defendant; that he then "went and saw the chief and he said his bond would be fifteen dollars;" that "finally the chief came up and insisted upon him giving bond."

It is true the chief pulled defendant out of the door and started with him to the guardhouse; but that was not for

16—100

the disorderly conduct, but for defendant's refusal to give bond.

The chief had not been a witness to the disorderly conduct; and that was the gravamen of the offense.

There is, therefore, no reason to hold that Kirkpatrick had such bias against the defendant about the offense for which he was held to trial as to disqualify him from making up the jury list.

On the second issue, if the witness, Gilbert, is to 2, 3 be credited, there was proof of disorderly conduct.

"Counsel agreed that there was a wide difference in the profanity testified to by witnesses. Counsel also agreed the same as quoted by one witness is too indecent to present to this Court." If that be true, there was testimony tending to show profanity, and of its truth the jury was the judge.

But the contention of the appellant is "that there was no proof that any one was disturbed." It is true that a neighbor of the defendant testified he was not disturbed. If, however, the language of the defendant, considering the time and place, was calculated to produce disorder, and was calculated to disturb the public peace and quiet, then such language was unlawful.

The testimony is that the time was near midnight; that the place was in the heart of the town, and that there were four or five persons at or near the place; that the officer heard the language a block away.

If all that be true, then the jury was warranted to conclude that the words were calculated to produce disorder and to disturb that quiet and peace which society is entitled to enjoy. *Georgetown* v. *Scurry,* 90 S. C. 349, 73 S. E. 373.

And the case is not altered that the defendant uttered the profane and boisterous language within his own 4, 5 house. The "castle" is given to a man for defense, and not for offense.

It would be a hurtful and unreasonable doctrine to hold that a man may utter profanity of a loud and boisterous nature from his own storeroom, and yet not be amenable to the public therefor. If the utterer does remain in the room the utterance does not; and it is the offense.

There yet remains to consider the charge of the mayor to the jury. Let the charge be reported.

The exception is to the charge, and not to the form of the verdict. The sufficiency of the verdict was not gainsaid before the mayor, or before the Circuit Court, or here.

The warrant imputed to the defendant (1) loud and boisterous language, (2) profanity, (3) drunkenness, and (4) it charged that such conduct disturbed the peace and quiet of the town.

The mayor, when the whole charge is considered, submitted three issues to the jury, to wit: (1) Did the defendant utter loud and boisterous language? (2) Did he use profane language? (3) Did that conduct disturb the peace? He did not submit the issue of drunkenness; he told the jury that the town guaranteed peace and order to society.

The charge is free from error.

The jury expressly found the first and second issues against the defendant; they did not find against him the offense of "drunkenness," though the warrant had also charged it; they did not expressly find that the defendant's boisterous and profane language disturbed the peace.

The defendant's remedy for relief from such a verdict, if it was defective, was a motion before judgment to set it aside and for a new trial.

The defendant has never contended, and does not now contend, that the verdict was defective because it did not answer the issues tendered by the warrant and the charge.

The judgment of the Circuit Court is affirmed.