## 9103

### LAKE CITY v. GILLILAND.

(85 S. E. 312.)

EVIDENCE. EXHIBITS. ADMISSIBILITY. PRACTICE. IRREGULARITIES.

1. EVIDENCE—EXHIBITS—ADMISSIBILITY.—There being testimony identifying an exhibit offered in evidence, it should be admitted by the Court.

2. MUNICIPAL COURTS—IRREGULIRITIES—WAIVER.—The stenographic taking of testimony, with the knowledge and acquiescence of defendant's. counsel in a municipal Court, instead of having it taken in longhand and subscribed by the witness, is a mere irregularity, which is waived by defendant's failure to object.

Before HON. C. J. RAMAGE, special Judge, Florence, ————, 1914. Reversed.

Prosecution by the town of Lake City against S. L. Gilliland for violation of a municipal ordinance. The defendant being convicted in the municipal Court appealed to the Circuit Court, which granted a new trial. From the order granting a new trial, the town appeals.

*Messrs. Arrowsmith & Whitehead,* for appellant, submits: *As to waiver of irregularity:* 80 S. C. 497; 69 S. C. 454; 93 S. C. 370. *Presumption that the procedure complied with statutory requirements:* 66 S. C. 194; Crim. Code, sec. 54. *Is based on:* 23 Stats. 1048. *Does not apply to Lake City, a town of less than 2,000 inhabitants.*

*Messrs. Stoll, Stoll & O'Bryan,* for respondent, submit: *As to identification of exhibit: Underhill,* Crim. Ev., pp. 48, 78, sec. 47; 73 Miss. 340; 142 Ky. 647. *As to failure to take testimony in longhand and have subscribed by witness:* 80 S. C. 93; Civil Code 3006; Crim. Code, sec. 95.

May 12, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Respondent was tried before the mayor of Lake City and a jury for selling liquor in violation of an ordinance of the town. There were three trials. The first two resulted in mistrials. On the third, the jury found respondent guilty. From sentence he appealed to the Circuit Court, which overruled all his grounds of appeal, except two, upon which a new trial was orderd. From that order the town appealed to this Court.

The Circuit Court erred in sustaining the exception that the bottle of whiskey introduced in evidence was not identified. It was positively identified by the witness, Green, and circumstantially by the other testimony in the case sufficiently to allow its admission in evidence.

The Court erred also in sustaining the exception that the testimony had not been taken down in writing and signed by the witnesses. When respondent's attorney knew, as he did, that the testimony was not being so taken down and signed, and made no objection, he waived the right to have it so taken. *Greenville* v. *Latimer,* 80 S. C. 92, 61 S. E. 224; *Abbeville* v. *Gooseby,* 93 S. C. 370, 76 S. E. 977; *Sumter* v. *Hogan,* 96 S. C. 302, 80 S. E. 497.

The judgment of the Circuit Court is reversed and that of the mayor's Court affirmed.