9289

CITY OF SPARTANBURG v. WILLIS *ET AL.*

SAME v. WILSON *ET AL.*

(88 S. E. 16.)

CRIMINAL LAW AND PROCEDURE. TRIAL. WAIVER OF IRREGULARITY. EVIDENCE. CHARGE. APPEAL AND ERROR.

1. MUNICIPAL CORPORATIONS—VIOLATION OF ORDINANCE—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.—In a prosecution for violation of an ordinance, a refusal by the mayor to charge that when a municipal corporation employs its servants for the purpose of inducing others to violate the law the one so violating the law cannot be convicted was proper where there was no evidence to warrant the assumption of facts embodied in the requested charge.

2. TRIAL—VERDICT—APPEAL AND ERROR.—Finding of both municipal and Circuit Courts, that there was sufficient testimony to support a verdict rendered in the former, sustained on appeal:

3. TRIAL—WAIVER OF IRREGULARITY.—The failure of a municipal Court to take the testimony in writing, is waived by the subsequent consent of defendant, through his counsel, that an appeal from the judgment of that Court be heard in the Circuit Court on a statement of the testimony by the chief of police according to his recollection.

4. MUNICIPAL CORPORATIONS — VIOLATION OF ORDINANCE — APPEAL.— Where defendants waived a written report of the testimony at a trial before a mayor for violation of an ordinance, they could not assert that the Circuit Court on appeal should have granted a new trial on account of the failure of the mayor to make such report.

Before SEASE, J., Spartanburg, January, 1915. Affirmed.

From a conviction for violating the city ordinances of Spartanburg, the defendants, B. Willis, Grover Fowler, J. C. Wilson and C. M. Wall, appeal. The facts are stated in the opinion.

*Messrs. Wyche & Foster,* for appellants, cite: *As to taking testimony:* Civil Code, secs. 3008, 3010; 63 S. C. 98. *As to request to charge:* 43 N. E. 710; 51 Pac. 1015; 58 Id. 796; 67 Id. 343.

*Mr. Solicitor Hill* and *Messrs. Nicholls & Nicholls,* for respondent, submit: *It is no defense to a prosecution for an illegal sale of liquor that the purchase was made by a "spotter," detective, or hired informer:* 23 Cyc. 184; 172 Ill. 266; 50 N. E. 204; 49 Ind. 507; 113 Mich. 539; 112 Mich. 194; 94 Mo. App. 117; 37 Texas Crim. 232; 39 S. W. 299; 31 Colo. 90; 71 Pac. 1108; 172 Ill. 266. *Testimony sustains conviction:* 2 Bailey 569.

March 1, 1916.

The opinion of the Court was delivered by Mr. Justice Watts.

These cases were heard together in this Court. The defendants were charged with violation of the ordinances of the city of Spartanburg against selling and transporting alcoholic liquors in the one case, in the other case with storing contraband liquors. In both cases the defendants were convicted in the mayor's Court and sentenced. Appeals therefrom were taken to the Circuit Court and his Honor, Judge Sease, affirmed the judgment of the mayor's Court, thereupon defendants appealed to this Court, and the defendants, Willis and Fowler, raise by two exceptions error on the part of his Honor.

The first exception is as follows: 1. Because his Honor, the presiding Judge, erred in not sustaining the defendant's first ground of appeal, to wit: because the mayor refused to charge the following: "That when a municipal corporation hires or employs one for the purpose of inducing and persuading another to violate the law, and the one so hired does induce or persuade or cause another to violate the law, or by his action in the scope of employment does cause another to violate the law, you cannot convict the one so violating the law, and your duty in such case would be to render a verdict of not guilty."

This exception must be overruled; there was no evidence in the case that went to show that the city hired the Poteets

to induce any innocent person to violate the law, the city has a right to employ persons to hunt up and bring to trial any perpetrators and violators of its laws and· ordinances, and there was no evidence at all as printed in the case to warrant the assumption of facts embodied in the request, and no evidence wherefrom it could be inferred that such was the case, and the mayor did not prejudice the defendants by refusing to charge as requested. This exception is overruled.

The second exception complains that there was not sufficient testimony to support the verdict. The mayor's Court and Circuit Court both found that there was, and there is, ample testimony to sustain their finding. This exception is overruled.

The defendants, Wilson and Wall, appeal and complain of error on the part of his Honor that he erred in not holding that there was not sufficient evidence to warrant a verdict of "guilty," and in not setting aside the verdict, after it was rendered, on the ground it disregarded the mayor's charge to the jury, and was unsupported by testimony, and that the mayor, having failed to report the testimony, his Honor should have granted a new trial.

A reading of the evidence in the case satisfies us that there was ample evidence to sustain the verdict of the jury under the law as correctly charged by the mayor, and the Circuit Judge concurred therein and dismissed the appeal and affirmed the judgment of the mayor's Court.

As to the mayor's failing to report the testimony the mayor reports that the evidence was not taken down in writing as it was waived by the defendants. In addition to this, when the case was called in the Circuit Court, Judge Sease stated that he would send the case back and require the mayor to make a report of the testimony as he had failed to do so and was required to do·so. Counsel for defendants then, in order to avoid delay, consented that the chief of police state in open Court what his

recollection of the testimony was, which was done.    Defendants cannot now be heard to complain of this.    All exceptions are overruled.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK, FRASER and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY, *dissenting*.    The defendants were tried before the mayor of Spartanburg, and a jury, for violation of the city ordinance, prohibiting the sale or transportation of alcoholic liquors.

The defendant, B. W. Willis, was convicted of selling, and the defendant, Grover Fowler, was convicted of selling and transportating, alcoholic liquors.

From the sentences imposed upon them by the mayor, they appealed to the Circuit Court, but their appeals were dismissed; whereupon they appealed to this Court.

The following testimony was introduced against the defendants:

"E. M. Poteet, sworn, says: I have lived in this country for about twenty-five years.    On or about the 5th of September, 1914, I was working for the city as a detective in whiskey cases.    I know Grover Fowler.    On September 5th, about 11 :00 o'clock p. m., I bought one pint.    It was over near Spartan Mills store where he went to get the whiskey.    He delivered the whiskey on corner of College and Magnolia, and I saw J. A. Poteet when he gave him the money—$1.00.    (Whiskey introduced in evidence, Exhibit A, marked XXX.)    He got the whiskey in the first house beyond the Spartan Mills store, on the left side of the street. J. A. Poteet was with me at the time.

I know B. W. Willis.    On September 5th, 1914, I went to Willis at the pressing club (in this city).    I asked him if he had any whiskey, and he said he would see if he could get me a pint.    He went out for about two minutes, and

when he came back he said come back in the pressing club, and he pulled the whiskey out of his pocket and gave it to me.    Paid $1.00.    (Whiskey introduced in evidence, marked Exhibit B.)

On September 7th, about 11 :00 o'clock, I bought one pint from him; paid $1.00.    He got it out of his overcoat pocket. His overcoat was hanging up in the rear of the pressing club.    Willis runs the pressing club.    Cross-examination : I am working for the city; have been working for about three months.    I am paid by the case.    If I do not get up cases, I do not get.any pay, and if I do not get convictions, I do not think I would get pay.    I am employed by the city to buy whiskey.    I am employed to catch blind tigers.    I was not employed to cause people to break the law.    When I go to people to buy whiskey and they say they have not got it, I do not insist on buying it.    E. M. Poteet.

J. A. Poteet, sworn, says : I live in this county, near Cherokee Springs.    I am employed by the city for the purpose of buying whiskey from anybody that I could that is selling. I know Grover Fowler by sight.    E. M. Poteet and myself were talking to Oscar Willis in the presence of Grover Fowler about some whiskey, and Grover said, come and go with me, and we went with him to the Spartan Mills store, and Grover said for us to wait a few minutes, and he went to the house next to the store and was gone five or ten minutes, and when he came back he said let's walk up street apiece.    We went up the street that runs up in front of the Spartan Mills store, and he delivered the whiskey to E. M. Poteet, and I paid him the $1.00.

I know B. W. Willis.    E. M. Poteet and I drove up in front of B. W. Willis' place, and E. M. went in and I sat in the buggy, and in a little while Willis came out and went into Stone's place and then went back into the pressing club, and E. M. came out in a few minutes and had the whiskey.    He did not have any when he went into the club.

Cross-examination: We got $10.00 for conviction of whites, and $5.00 for conviction of blacks.   J. A. Poteet."

There was no other testimony except the denial of the defendants, that they sold any whiskey to either of the Poteets.

The appellants' exceptions are as follows:

1. "Because the mayor refused to charge the following: 'That when a municipal corporation hires or employs one for the purpose of inducing and persuading another to violate the law, and the one so hired does induce or persuade or cause another to violate the law, or by his action in the scope of his employment does cause another to violate the law, you cannot convict the one so violating the law, and your duty in such case would be to render a verdict of not guilty.' "

2. "That there was no testimony sufficient to support a verdict of guilty; it appearing from the testimony that the only witnesses against any of the defendants were two detectives hired by the city for the express purpose of causing people to violate the law, and these detectives did not get pay for their work unless they secured conviction; it appearing from the testimony that they received ten ($10.00) dollars, for each white man whom they could convict, and that in case they failed to convict they got nothing for their work."

The principle in such cases is thus announced by the Colorado Court in *Ford* v. *City of Denver,* 51 Pacific Reporter 1015, and affirmed in *People* v. *Braisted,* 58 Pacific Reporter 796, and *Wilcox* v. *People,* 67 Pacific Reporter 343:

"It appears that the city was instrumental in procuring the sale of the liquor. Its purpose was to lay the foundation for a suit in which a judicial opinion as to what would constitute a violation of the ordinance might be procured. Apparently, this purpose was unknown to the defendant's clerk when he made the sale, and, technically, at least, his

act was contrary to the ordinance. But the city was in no position to say that its ordinance was violated. It was as much responsible for the sale of the liquor as the defendant, and it will not be permitted to replenish its treasury from penalties incurred at its instigation. It cannot be heard to complain of an act the doing of which it solicited. It is entitled, in a proper case, to have its ordinance construed, and questions concerning it determined; but it cannot manufacture a case for the purpose, or obtain the information it desires at the expense of a party for whose infraction of its ordinance it is responsible."

The following language of the Court in the case of *Love* v. *People,* 43 N. E. Reporter (Ill.) 710, is applicable to this case:

"Strong men are sometimes unprepared to cope with temptation, and resist encouragement to evil, when financially embarrassed and impoverished. A contemplated crime, may never be developed into a consummated act. To stimulate unlawful intentions, for the purpose and with the motive of bringing them to maturity, that they may be punished, is a dangerous practice. It is safer and sounder morals to hold, that where one arranges to have a crime committed against his property or himself, and knows that an attempt is to be made to encourage others, to commit the act, and others to be led into and encouraged in its commission by one, acting in concert with such owner, that no crime is thus committed. The owner and his agent may wait passively for the would-be criminal to perpetrate the offense, and each and every part of it, for himself. They must not aid, encourage, or solicit him that they may seek to punish."

It is against public policy for a municipality to aid, encourage and induce its citizens to violate its ordinances in order that they may be punished.

For these reasons I dissent.