9420

CITY OF ROCK HILL v. WORTHY.

(89 S. E. 393.)

MUNICIPAL CORPORATIONS—WARRANT—AUTHORITY OF POLICE.—Civ. Code 1912, sec. 3005, prescribing the duties of chief of police and providing that he shall be invested with the same powers and duties as are devolved on magistrates' constables, only confers on police officers additional powers and duties, and does not, in connection with Cr. Code 1912, sec. 44, providing that no magistrate shall permit a constable to swear out a warrant, prevent a chief of police from swearing out a warrant in recorder's Court.

Before HON. H. P. GREEN, special Judge, York, April, 1915. Affirmed.

A. V. Worthy was convicted of storing and keeping contraband liquor, in violation .of an ordinance of the city of Rock Hill, and appeals.

*Messrs. Wilson & Wilson,* for appellant, cite: Crim. Code, sec. 44; Civil Code, sec. 3002 and 3005; 93 S. C. 371.

*Mr. Waller M. Dunlap,* for respondent, cites: Civil Code, sec. 2909, 2953, 3002; Crim. Code, sec. 44; 24 S. C. 266; 100 S. C. 234.

June 30, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was charged with the violation of the ordinance of the city of Rock Hill in storing and keeping contraband liquor. He was arrested, tried, and convicted before the recorder and a jury. After sentence he appealed to the Court of General Sessions for York county, and the judgment of the lower Court was affirmed. Thereupon the defendant appealed, and seeks reversal on the ground that the warrant was fatally defective, in that it was sworn out by the chief of police of the city of Rock Hill, and that

under the provisions of section 3005 of Volume I, and section 44 of Volume II, of the Code of Laws, the chief of police could not legally swear out the warrant against the appellant, and error in holding that these sections only confer on police officers of a municipality additional powers and duties, and has no reference to signing warrants.

This exception must be overruled. The law requires that the magistrate's constable shall prepare the jury list and shall draw the same, but in the recorder's Court the jury can be drawn by any one the recorder names. The chief of police in this case had nothing to do with the preparation of the jury list and drawing the same, and the defendant was in no way prejudiced in his trial by any act of the chief of police, who swore out the warrant, and we see no error on the part of the Circuit Court in his Honor's holding. *State* v. *Byrnes,* 100 S. C. 231, 84 S. E. 822.

Judgment affirmed.