9585

STATE v. WALLER.

(91 S. E. 311.)

CRIMINAL LAW—TRIAL—SIGNING OF TESTIMONY—WAIVER OF OBJECTION.—
Upon trial for illegal sale of liquor, defendant and his counsel, who were present and knew that the testimony was not signed by the witnesses as required by law and made no objection thereto, *held* to have waived such right.

Before HON. THOS. F. McDow, special Judge, Green-
wood, November, 1915. Affirmed.

Gus Waller was convicted of illegal sale of liquor in
mayor's Court of the city of Greenwood, and appealed to
the Circuit Court, where conviction was affirmed, and he
appeals.

*Mr. D. H. Magill,* for appellant.

*Mr. Solicitor Cooper,* for respondent.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

The appellant was tried, convicted and sentenced by the
mayor's Court of the city of Greenwood in two cases for
selling liquor. He appealed to the Circuit Court, and after
the cases were heard, the Hon. Thomas F. McDow, special
presiding Judge, made an order in the cases affirming the
judgment of the mayor's Court. Thereupon the defendant
appealed on the following grounds:

(1) Because there was a total failure of proof to convict
the defendant, the witnesses being admittedly hired by the
mayor, who offered them as witnesses for the purpose of
securing evidence for the prosecution of the defendant and
paying him therefor, and said witnesses displaying in the
course of their testimony that they lied about matters mate-
rial to the issues involved.

(2) Because it was error to find the defendant guilty
upon the testimony in this case, when it appears from the
statements and admission of said witnesses that, if there
was any crime committed by defendant, he was induced and
persuaded to commit it by said witnesses, and when the posi-

tive and uncontradicted proof of truthful and reliable testimony is that defendant was not present at the time and place the alleged offense was committed.

(3) Because it was error to convict the defendant, when it is a fact, as shown by the admitted proof, that the Court who tried and convicted the defendant induced and encouraged him to do the act for which he was tried and convicted according to the admissions of the prosecutors' witnesses, by paying its agent to do what he did and to swear that he was guilty of the offense charged, thereby becoming *particeps criminis*.

(4) Because that testimony was not taken down in writing and signed by the witnesses as required by law.

(5) Because the judgment and sentence is without support in fact and subverts justice, public policy and common decency.

2. Because his Honor, Thomas F. McDow, presiding Judge, erred in holding that exceptions 1, 2, 3 and 5 are without merit, and that exception 4 cannot be sustained, on authority of *Lake City* v. *Gilliland,* 101 S. C. 152, 85 S. E. 312, since the testimony taken down as the testimony of the witness, Garner, was signed by the witness, Melton, which shows that defendant's attorneys did not know that the testimony was so signed.

3. Because it was error in the presiding Judge to affirm the judgment when it appears that the mayor and his attorney had concluded to convict the defendant regardless of the law and the evidence.

The exceptions are overruled, as they are without merit under the authorities of *City of Abbeville* v. *Goosely,* 93 S. C. 370, 76 S. E. 977; *Lake City* v. *Gilliland,* 101 S. C. 152, 85 S. E. 312; *City of Spartanburg* v. *Willis et al.* (*City of Spartanburg* v. *Wilson et al.*), 103 S. C. 332; 88 S. E. 16.

Judgment affirmed.