9764

## STATE v. BATSON.
## SAME v. PHILLIPS.   SAME v. BAKER.

(93 S. E. 135.)

1. CRIMINAL LAW — TESTIMONY OF SPECIAL DETECTIVE — SUFFICIENCY. — A conviction for the illegal sale of liquor could be predicated on the sole testimony of a detective specially employed to convict the accused of the unlawful sale.

2. COURTS—DISSENTING OPINION AS AUTHORITY—A dissenting opinion is not binding authority, since it shows what is not the law, and a justice dissents only when in his judgment the prevailing opinion is contrary to what the law has been, and after the prevailing opinion is filed there is then no reason to doubt the law.

Before MOORE, J., Greenville, ———, 1917.   Affirmed.

Arthur Batson and others were convicted of illegal sale of liquor, and appeal.

*Mr. James H. Price,* for appellant, cites: 103 S. C. 334.

*Mr. Solicitor Martin,* for respondent.

July 14, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

These three cases were heard together in this Court. The appellants were convicted of selling liquor. The only evidence against the appellants was the testimony of "specially employed State detectives, who went to the defendants under disguise and claimed to have purchased whiskey from them."

There is only one exception, and this exception questions the sufficiency of the testimony of a special detective to con-

vict the accused of the unlawful sale. We know of no binding authority that sustains appellants' position.

1, 2   The only authority cited by appellants is a dissenting opinion in the case of *City of Spartanburg* v. *Willis,* 103 S. C. 334, 88 S. E. 16. Even if the dissenting opinion sustains the appellants, it is not binding authority. A dissenting opinion is useful and throws light on the case, but is not controlling. The majority opinion shows what is the law, and the dissenting opinion shows what is not the law. A Justice dissents only when, in his judgment, the prevailing opinion is contrary to what the law has been. There is no reason to doubt, after the opinions are filed. In the Willis case the testimony was given by special detectives, and the judgment of this Court sustained the conviction, and it must do so in this case.

The judgment is affirmed.